

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
**FILED**

APR 2 2 2005

CLERK, U.S. DISTRICT COURT
By _____
                    Deputy

MICHAEL D. RODGERS, SR.           §
                                  §
            Plaintiff,            §
                                  §
VS.                               §          NO. 3-04-CV-2247-D
                                  §
DUNCANVILLE INDEPENDENT           §
SCHOOL DISTRICT, ET AL.           §
                                  §
            Defendants.           §

## FINDINGS AND RECOMMENDATION OF THE
## UNITED STATES MAGISTRATE JUDGE

This case has been referred to the United States magistrate judge for initial screening

pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the district court. The findings

and recommendation of the magistrate judge are as follow:

I.

This is a *pro se* civil rights action brought by Plaintiff Michael D. Rodgers, Sr., Individually

and on Behalf of his two minor children, Michael D. Rodgers, Jr. and DeBorah Michelle Rodgers,[1]

against the Duncanville Independent School District and various members of the school board,

faculty, and staff. On October 18, 2004, plaintiff tendered a complaint to the district clerk and filed

an application to proceed *in forma pauperis*. Because the information provided by plaintiff in his

pauper's affidavit indicates that he lacks the funds necessary to prosecute this action, the court

---

[1] To the extent plaintiff attempts to sue *pro se* on behalf of his minor children, he is precluded from doing so. Only a licensed attorney is permitted to represent a minor as "next friend." *See Martin v. Revere Smelting & Refining Corp.*, 2004 WL 852354 at *1 (N.D. Tex. Apr. 16, 2004), *citing Martin v. Garza*, 570 F.2d 511, 514 (5th Cir. 1978) *and Guajardo v. Luna*, 432 F.2d 1324 (5th Cir. 1970).

granted leave to proceed *in forma pauperis* and allowed the complaint to be filed.  The court now determines that this case should be summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2).

## II.

Plaintiff sues defendants for civil rights violations under 42 U.S.C. § 1983 and intentional infliction of emotional distress under Texas law.  Succinctly stated, plaintiff contends that defendants have discriminated against him and his children on the basis of their race and disability.  Among the discriminatory actions allegedly taken by one or more of the defendants are:  (1) segregating plaintiff's son from the rest of the first grade class due to a speech impairment; (2) describing plaintiff as a "very big, mouthy and intimidating male who frequently gets into altercations with others;" (3) expelling plaintiff's son from summer school for disruptive behavior; (4) making false statements about these incidents in e-mails to faculty members and staff; (5) calling plaintiff's son a "punk" in front of other students; (6) barring plaintiff from school property; (7) requiring plaintiff's wife to complete a criminal background form before allowing her to attend a class field trip; and (8) hanging-up on plaintiff during a telephone call.  By this suit, plaintiff seeks $360,000 in compensatory and punitive damages.

## A.

A district court may summarily dismiss a complaint filed *in forma pauperis* if it concludes that the action:

> (1)     is frivolous or malicious;

> (2)     fails to state a claim upon which relief can be granted; or

> (3)     seeks money relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B).  An action is frivolous if it lacks an arguable basis in either law or fact.

*Neitzke v. Williams*, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831, 104 L.Ed.2d 338 (1989); *Henson-El*

*v. Rogers*, 923 F.2d 51, 53 (5th Cir.), *cert. denied*, 111 S.Ct. 2863 (1991).  A complaint is without

an arguable basis in law if it is grounded upon an untenable or discredited legal theory. *Neitzke*, 109

S.Ct. at 1831.  A claim may be deemed to lack an arguable basis in fact only if it is based upon

factual allegations that are clearly fanciful or delusional in nature.  *Denton v. Hernandez*, 504 U.S.

25, 32, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992).  A complaint that duplicates claims asserted

in an earlier case may be deemed malicious and subject to summary dismissal.  *See Pittman v.*

*Moore*, 980 F.2d 994, 995 (5th Cir. 1993); *Wilson v. Lynaugh*, 878 F.2d 846, 849 (5th Cir.), *cert.*

*denied*, 110 S.Ct. 417 (1989).

B.

This is the second time plaintiff has sued defendants for civil rights violations and intentional

infliction of emotional distress.  Both cases involve identical claims and arise out of the same set of

facts.  The magistrate judge has recommended that the first case be dismissed on summary judgment.

*Rodgers v. Duncanville Independent School Dist.*, 2005 WL 770712 (N.D. Tex. Apr. 5, 2005), *obj.*

*pending*.  Whether or not that recommendation is adopted by the district judge, the instant case,

which merely duplicates claims asserted in the prior action, should be summarily dismissed as

malicious under 28 U.S.C. § 1915(e)(2).  *Pittman*, 980 F.2d at 995; *Wilson*, 878 F.2d at 849.

**RECOMMENDATION**

Plaintiff's complaint should be summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2).

DATED:  April 22, 2005.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE